## Altoona City v. James B. Bowman, Appellant.

*Municipalities—Ordinances—Act of May 23, 1889, art. IV. sec. 3.*

The act of May 23, 1889, art. IV. sec. 3, P. L. 282, which provides that " no bill shall be passed finally in either branch upon the same day on which it was introduced or reported," applies with equal force to both branches of council, that in which a bill has been first introduced as well as the other branch to which it has been messaged or reported after it has been fully acted on by the former.

*Municipalities—Presumption as to validity of proceedings.*

The presumption in favor of the constitutional regularity of proceedings of the legislative department of the goverment does not apply to the regularity and legality of the proceedings of municipal corporations.

*Municipal liens—Six months limitation—Question for jury.*

On a scire facias sur municipal lien where the defendant claims that six months had expired from the completion of the work before the claim was filed, and the defendant offers evidence tending to show that the work done within the six months was in the nature of alteration or repairs of work that had been completed, and that it was not work necessary to complete the contract, the question as to whether the claim was filed in time is for the jury.

Argued April 26, 1895.   Appeal, No. 420, Jan. T., 1895, by defendant, from judgment of C. P. Blair Co., Jan. T., 1892, No. 544, on verdict for plaintiff.   Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ.   Reversed.

Scire facias sur municipal lien.   Before BELL, P. J.

At the trial it appeared that on March 27, 1890, an ordinance, entitled an " Ordinance to pave and curb Thirteenth street between Twelfth and Sixteenth avenues and to issue bonds for payment of same," was introduced in select council and was referred to the committee on highways and sewers.

On March 31, 1890, this ordinance, being numbered 334, passed select council.   It was immediately taken over to the common council.   This was the first time this ordinance was introduced into this body.   The appellant in these cases, through counsel, resisted its passage in this latter body, but without success.   It passed common council this same night, March 31, 1890, and was approved by the mayor April 5, 1890.

The liens in these cases were filed June 1, 1891, and it is al-

leged in the said liens that the work was completed on December 1, 1890. The evidence tended to show that the work was all completed between November 20 and 26, and that about December 1 some curb that had been set, but had dropped out of line, was reset, and that a small portion of the pavement that had settled was raised.

In making the assessments the engineer assessed the cost of the intersections on the property owners.

The defendant submitted the following points among others:

1. The ordinance was introduced in select council on the 27th day of March, 1890, and passed in that body on the 31st of March, 1890. On the same day it was sent to and introduced in common council, and on that same day was passed in that body. This action of the common council was in violation of section 3, of article 14, which says : "No bill shall be passed finally in either branch upon same day on which it was introduced or reported." And the ordinance was, therefore, not legally passed, and is void, and no liens could be recovered or entered in pursuance therof. *Answer :* Reserved. [1]

2. The evidence shows that the owners were assessed with the cost of paving the intersections and cross avenues and alleys. Such assessments were illegal and cannot be recovered in these actions. *Answer :* Reserved. [2]

9. If work was done on December 1, 1890, it was in the alteration or repaving of work done previously, namely : straightening the curb which had previously been set, but had settled out of line, and it was not work which was embraced in the completion of the original or main work, and this is a question for the jury. *Answer :* This point as put is denied. We think the question as to what was the character of the work done on December 1, 1890, is for the court and not for the jury. [3]

Verdict for plaintiff $992.72. The court, in an opinion by BELL, P. J., entered judgment on the verdict on the points reserved. Defendant appealed.

*Errors assigned* were (1, 2) entry of judgment on points reserved ; (3) answer to defendant's ninth point as above, quoting it.

*Aug. S. Landis, Greevy & Walters* with him, for appellant. —The object of the act was full discussion and time for individ-

ual investigation and reflection on the part of every councilman, and as this meaning and purpose of the law was defeated, it is manifest that the ordinance was illegally enacted, and was void and of no effect.

When work on a contract is substantially completed and accepted more than six months prior to the filing of the lien, and extra work is done thereafter to supply a deficiency in the work done under the contract, this will not extend the time for filing the lien: McKelvy v. Jarvis, 87 Pa. 414; Homeopathic Assn. v. Harrison, 120 Pa. 28; Harrison v. Assn., 134 Pa. 558.

The six months are to be computed from the time contractor finished the work, and not from the time of their acceptance and approval by the city engineer: Pittsburg v. Knowlson, 92 Pa. 116.

*Daniel J. Neff, Wm. A. Ambrose* with him, for appellee.—The prohibition intended is the passage of the ordinance on the same day of its introduction into councils; when the ordinance is introduced it must lie over at least one day before either branch can take final action upon it, but having so laid over for one day, both branches can pass it finally the same day.

It is questionable upon the authority of Kilgore v. Magee, 85 Pa. 401, whether it is within the power of the court to pass on the question whether all legislative provisions were complied with in the passage of the ordinance.

When a party has acted upon a particular construction of a contract which has been acquiesced in by the other, the latter is estopped from contesting it as the proper construction: Mercer Mining & Mfg. Co. v. McKee's Adm., 77 Pa. 170; Pepper v. Phila., 114 Pa. 96; Bidwell v. Pittsburg, 85 Pa. 412; McKnight v. Pittsburg, 91 Pa. 273; Dewhurst v. Allegheny, 95 Pa. 437; Harrisburg v. Baptist, 156 Pa. 526.

When a part of a street is ordered to be paved at the expense of the lot owners, it is necessarily intended that the whole of that portion, including the intersections, shall be paved and be paid for by the lot owners. There is no ordinance requiring the city to pave the intersections: McGonigle v. Allegheny, 44 Pa. 118; State v. Elizabeth, 2 Vroom, 31 N. J. L. R. 547; State v. Elizabeth, 1 Vroom (30 N. J. L. R.), 365.

The defendant's witnesses all testified that the work was not completed and was not accepted by the engineer until on or after December 1, and they were not contradicted. This fact being established by uncontradicted evidence there was no question for the jury.

The authorities cited by the learned counsel for appellant do not sustain their legal position. McKelvy v. Jarvis, 87 Pa. 414, Homeopathic Assn. v. Harrison, 120 Pa. 28, and Harrison v. Assn., 134 Pa. 558, were cases where the work was substantially completed more than six months prior to the filing of the lien. They are entirely different from a city lien where it is left to the city engineer to determine when the work is completed and accepted.

City v. Knowlson, 92 Pa. 116, differs widely from the present case.

Opinion by Mr. Chief Justice Sterrett, October 7, 1895:

The first specification charges in substance that the ordinance, under which the paving was done, is illegal and void in that it was acted on and passed by the common council on the same day that it was sent to that body by the select branch, in violation of the positive mandate of section 3, article 4 of the act of May 23, 1889, P. L. 282, which declares, inter alia, that "no bill shall be passed finally in either branch upon the same day on which it was introduced or reported."

There is no question as to the facts of which this alleged illegality is predicated. It is conceded that the bill in question was introduced in select council on March 27, 1890. On that day it was referred to the committee on highways and sewers, composed of members of both branches of council, and ordered to be printed. On March 31 following, it was favorably reported back to select council, and on same day it was considered and finally passed by that body and forthwith messaged to the common council, which on same day took up and finally passed the ordinance. It thus appears that the bill, originating in select council, was properly referred, favorably reported, etc., and afterwards, on the fourth day after its introduction, taken up and finally passed by that body. In this, there was no want of compliance with the letter as well as the spirit of the act; but, as to the proceeding in common council,

it was very different.   On the same day that the ordinance was messaged or reported to that body it was taken up, considered and finally passed.   This was done in manifest disregard of the legislative mandate that " no bill shall be passed finally in either branch upon the same day on which it was introduced or reported."   This mandate applies with equal force to both branches of council, that in which a bill has been first introduced as well as the other branch to which it has been messaged or reported after it has been finally acted on by the former. Any other construction of the clause would ignore the plain intent thereof, as clearly expressed in unambiguous words, and defeat the manifest purpose of the act, which was to prevent hasty, inconsiderate and vicious legislation.   In employing the language above quoted the legislature evidently intended to absolutely prohibit the final passage of any bill or ordinance by either branch of councils on the same day upon which it was introduced or reported in said branch.   The wisdom of the prohibition, or limitation on the authority of councils, has been demonstrated by experience, and the law should be rigidly enforced, notwithstanding the alleged fact that councils, in this case, may have acted on erroneous advice as to the scope of their power in the premises.   No such saving clause can be found in the act, and its interpolation, by strained construction or otherwise, would be not only unauthorized but exceedingly dangerous.

We cannot assent to the suggestion that the almost conclusive presumption in favor of the constitutional regularity of proceedings of the legislative department of the government is equally applicable to the regularity and legality of municipal corporation proceedings.   The cases are widely different.   In the consideration of acts of assembly, etc., emanating directly from the lawmaking department, courts, as members of the judicial department, must necessarily presume that every constitutional requirement in the enactment of such laws has been observed.   A proper degree of deference is due by each department to each of the others.   The limited power and authority with which municipal corporations, as agencies of the state, are invested, must be exercised strictly within the lines and limitations prescribed by the law making power.

In defendant's ninth point, they requested the court to say :

" If work was done on December 1, 1890, it was in the alteration or repairing of work done recently, namely, straightening the curb which had been previously set, but had settled out of line, and it was not work which was embraced in the completion of the original or main work : and this is a question for the jury." The testimony was sufficient to justify the presentation of this point, and it should have been affirmed ; but the learned judge, holding that the question involved " is for the court and not for the jury," denied the request. In this there was error.

It is unnecessary to pursue the inquiry further. The ordinance, under which the paving was done and proceedings had, is illegal and void, and that leaves nothing on which to rest the plaintiff's claim.

Judgment reversed.