## The City of Erie, Appellant, v. M. Griswold.

*Ordinances in pari materia—Rule of construction.*

Where a later ordinance creates a condition to which an earlier general ordinance becomes applicable the two are in pari materia, and are to be construed together.

Where a city passes an ordinance to pave a street, the existing ordinances applicable to all such cases must be read into this special provision for a particular case.

*Municipal law—Constitution of Penna.—Abatement of taxes to meet city's share of street pavement.*

The local Act of May 9, 1871, P. L. 630, gives to the city of Erie the right to pave its streets at the expense of the city or of the abutting property owners or partly at the expense of the city and partly at the expense of the abutters, and it may by ordinance allow the latter an abatement of their general city taxes on the same property equivalent to a portion of the assessment for the improvements without violating sections 1 and 2 of article IX. of the constitution. Such ordinance offends neither against uniformity, nor the prohibition exemption from taxation.

*Ordinances creating contracts—Repeal of as affecting vested interests.*

The authorized body of a municipal corporation, acting within the scope of its powers, may bind it by an ordinance which, in favor of private persons, interested therein, may if so intended, operate as a contract. A repeal of a valid ordinance of this nature, and thus intended to operate as a contract, cannot operate retrospectively to impair private rights vested under it.

Argued May 18, 1897. Appeal, No. 13, April T., 1898, by plaintiff, from judgment of C. P. Erie Co., May T., 1897, No.

100, on case stated in favor of defendant. Before RICE, P. J., WICKHAM, BEAVER, REEDER and ORLADY, JJ. Affirmed.

Case stated. Before NOYES, P. J., of the 37th judicial district, specially presiding.

The facts appear from the case stated:

And now, to wit: March 15, 1897, it is hereby agreed by and between the parties to the above suit that the following case be stated for the opinion of the court in the nature of a special verdict, to wit:

1st. That the city of Erie, the plaintiff in this case, was duly incorporated by an act of assembly of the commonwealth of Pennsylvania, approved April 14, 1851, P. L. 631, and is now governed by the said act and those supplementary thereto and amendatory thereof.

2d. That in March, 1878, the city of Erie duly accepted the provisions of the act of assembly entitled "An act dividing cities of this commonwealth into three classes, regulating the passage of ordinances, providing for contracts for supplies," etc., approved May 23, 1874, P. L. 230, and the supplements thereto, and is now a city of the third class under the laws of this commonwealth.

3d. That by an act of assembly approved May 9, 1871, P. L. 630, entitled "A further supplement to an act to incorporate the city of Erie," it was provided as follows:

"It shall be lawful hereafter for the mayor and councils of said city in the levy and assessment of taxes paid or imposed on any lots or lands in said city to discriminate between property fronting on or adjacent to any street or streets which shall have been previously paved in whole or in part, at the expense of the owner or owners thereof, and said mayor and councils shall have power to wholly or in part exonerate any lot or property so fronting on or adjacent to any street wholly or in part so paved from the payment of all or of so much city tax as they may deem proper."

4. That by an ordinance approved April 1, 1880, duly passed by the municipal authorities of the city of Erie, it was provided as follows:

"(a) That in the levy and assessment of taxes upon any lot or lots fronting on a street or streets which shall be hereafter

paved from curb to curb, at the expense of the owners of property fronting thereon, under. and by virtue of any ordinance or ordinances of the City of Erie, an annual abatement on all lots fronting on the improved part of such street or streets shall be made in city taxes of five per centum of the cost of the pavement per foot lineal, for the term of ten years, and thereafter said abatement shall cease and determine ; provided that in no case shall the amount of said abatement in any one year exceed three-fourths of the city tax levied on any one lot fronting on any street paved, or to be paved; and, provided further, that if in estimating the abatement there shall be a fractional part of a cent per foot, the amount of fractional parts for the whole term shall be added to the abatement of the first year, and disallowed for the remainder of the time.

" (b) As to streets already paved, the abatement shall remain as now provided by ordinance until such time as said abatement shall amount to fifty per centum of the cost of said improvement, and thereafter said abatement shall be. disallowed ; provided that in all cases where any street or streets has or have been repaved, said abatement shall immediately cease; and in all cases where streets shall be hereafter repaved all abatements thereon shall thereafter immediately cease."

5. That in the summer of 1892 a majority of the owners of real estate fronting on Tenth street, in the city of Erie, between Peach street and Cherry street, petitioned councils of the city of Erie to improve Tenth street between the points aforesaid by grading, curbing and paving said street with vitrified brick, the defendant in this case being an owner of property fronting on said street between the points aforesaid, and being one of the petitioners for the pavement in question.

6. That the municipal authorities of the said city of Erie, in pursuance of said petition, by an ordinance duly passed, and approved October 5, 1892, provided for the paving of said street, as requested by said petitioners, and thereafter, to wit : in the year 1893, the city of Erie caused the said street to be paved . from curb to curb between the points aforesaid, in pursuance of said petition and ordinance, and assessed the property of said defendant fronting upon said street with the sum of $5,542.50, the said sum being the proper proportionate amount of the costs of said pavement duly assessable thereto, and the said assessment was duly paid by the said defendant.

7. That in pursuance of the provisions of the ordinance of April 1, 1880, the said plaintiff in levying the taxes for the years 1894 and 1895 deducted from the amount of taxes so levied upon said land by the said city paving abatements as required by the provisions of said ordinance, and collected from said defendant the amount of the said taxes remaining after allowing the abatement as aforesaid.

8. That the city of Erie passed an ordinance duly approved September 16, 1895, which is as follows, to wit:

"AN ORDINANCE ABOLISHING ABATEMENT OF TAXES AL-
LOWED ON LOTS FRONTING ON PAVED STREETS.

"Be it ordained and enacted by the Select and Common Councils of the City of Erie, and it is hereby ordained and enacted by the authority of the same:

"Sec. 1. That from and after the first Monday of January, A. D. 1895, no abatement of city taxes shall be allowed on any lot or lots by reason of the fact that said lot or lots front upon any street which has been or may hereafter be paved at the expense of the owners of property abutting thereon.

"Sec. 2. That any ordinance or part thereof conflicting herewith be and the same is hereby repealed."

9. That for the fiscal year commencing the first Monday of April, 1896, the city of Erie levied a tax upon the property of the said defendant, situate in the third ward of the city of Erie, amounting to, $1,271.21. That of the property upon which the tax aforesaid was assessed there were lots fronting upon that part of Tenth street paved by the city of Erie in the year 1893 as aforesaid, on which the paving abatement for the year 1896, if the same had been allowed under the provisions of the ordinance of April 1, 1880, would have amounted to the sum of $236.77, and said amount did not exceed three fourths of the city tax levied on said property for that year.

10. That the said defendant on August 31, 1896, paid all taxes assessed upon lands fronting on Tenth street between the points paved as aforesaid, except the sum of $236.77, which said sum the said defendant refused to pay.

11. It is furthermore agreed that all acts of assembly affecting the city of Erie, and all ordinances relating to paving abatements passed by said city of Erie at any time, and the or-

136          ERIE *v.* GRISWOLD.

Statement of Facts—Opinion of Court below. [5 Pa. Superior Ct.

dinances relating to the paving of Tenth street and proceedings of councils thereon, shall be considered as a part of this case stated, and treated with like force and effect as if set forth herein at length.

If the court shall be of the opinion that the defendant is entitled to a rebate of $236.77 in his city taxes for the fiscal year beginning on the first Monday of April, 1896, then judgment is to be entered in favor of the defendant; but if the court shall be of the opinion that the defendant is not entitled to said rebate, then judgment is to be entered for the plaintiff for the sum of $255.71, which amount includes interest and penalties to the 1st day of March, 1897.

Each party reserves the right to sue out writ of error, certiorari, or appeal from the judgment of the court in such manner as the law directs.

Judgment was entered on the case stated in favor of the defendant in the following opinion by NOYES, P. J.

The precise legal question presented by the case stated is whether a contract existed between the city and the defendant by which he is entitled to an abatement of the city taxes assessed upon his lots fronting upon Tenth street of five per centum of the amount paid by him for paving said street under the ordinance of 1892 per annum, until he shall have received by means of such abatement one-half of the amount so paid. That there was an agreement between the city and the defendant to this effect seems to the court quite clear.

While the city might, by adopting a certain mode of procedure, have caused the street to be paved at the expense of the owners of property, without their consent, it did not adopt that mode, but proceeded under an alternative mode in which the consent of the majority of the owners was an essential perquisite. The defendant signed the petition to the councils, and at the time he did so the ordinances providing for the abatement of taxes in all cases of paving at the owner's expense stood upon the statute book of the city. Had this ordinance been repealed before action upon the petition it would have so changed the circumstances as to invalidate the petition.

The petitioners, in consenting to the improvement, must be taken to have had it in view, and the petition furnishes no evidence of their consent upon different terms.

But the ordinance was not repealed. The city proceeded, under the authority of the petition, to pass an ordinance for paving the street, and the existing ordinance, applicable to all such cases, must be read into this special provision for the particular case. So read, the enactment substantially is that the pavement shall be paid for in the first instance by the owners of lots, and that the owners shall receive back again fifty per centum of the amount so paid, by way of annual abatement of taxes. This amounts to a promise on the part of the city, for which the defendant has given a sufficient consideration, by signing the petition and by paying his assessment of the cost of the improvement.

But it is essential to a valid contract that the parties shall be competent to bind themselves respectively to the stipulations agreed to. The powers of the councils are limited by law. If the ordinance of 1880 was ultra vires, then it was void, and its provisions cannot enter into a contract between the city and the defendant.

Specific authority to pass such an ordinance was given by the 4th section of the act of May 9, 1871, but this section is so broad—authorizing the councils to exonerate lots not only fronting on, but adjacent to, streets paved at the owners' expense, and not only to the extent of the owners' contributions, but without limit as to time or amount—that it is clearly inconsistent with the constitution of 1874, and was abrogated by its provisions. The legislature itself could not exercise the powers conferred by this section, and plainly its creature, the city, cannot do so. But the city had authority to cause the streets to be paved in whole or in part at the owners' expense. The whole cost, or any portion of the cost, might be paid out of the common funds of the city. The ordinance, although it provides for an abatement of taxes, operates only in connection with ordinances for the paving of streets at the expense of the owners, and read in connection with such ordinances abates not the taxes, but the assessment for the improvement, which is within the general powers of the councils, both under the act of 1874 and that of 1889. The city might have provided that the cost of the pavement should be paid one half by the city and one half by the owners, and that each owner should lend to the city the one half of the amount of his assessment, and retain the same

out of the taxes levied against his lot, in instalments of five per cent per annum. This is exactly what has been done, and if there is any provision of law which conflicts with the power of the councils to accomplish this result in the particular mode adopted in this case, it has not been pointed out to us, nor have we found it in any of the statutes.

We are therefore of the opinion that the ordinance of 1880 was a valid exercise of the powers of the city councils ; that in connection with the petition and ordinance of 1892 it consti-tuted a contract between the city and the defendant. It follows that neither of the contracting parties can abrogate the contract without the consent of the other. The effect of the provision in the Constitution of the United States is not involved, for that relates only to the acts of sovereign states ; but a municipality, although vested with legislative powers, is competent to con-tract, and amenable to judicial coercion, and it cannot legislate away its agreements. The repealing ordinance is valid, but it cannot affect existing contracts between the city and individuals.

The court being of opinion that upon the facts agreed to the law is with the defendant, it is ordered that judgment be entered for the defendant, with costs, in accordance with the terms of the case stated.

Judgment for defendant. Plaintiff appealed.

*Error assigned* was as follows : The court erred in the opinion delivered in the above entitled case.

*Henry A. Clark,* city solicitor, and *Jos. P. O'Brien,* for appel-lant.—The act of May 9, 1871, was repealed by the second sec-tion of article IX. of the constitution of 1874, following the decisions in Pittsburg v. Mercantile Library, 3 C. C. 519 ; German Society v. Phila., 4 W. N. C. 213 ; Fox's Appeal, 17 W. N. C. 449 ; Phila. v. Masonic Home, 160 Pa. 572.

It is true that under the Act of May 23, 1889, P. L. 277, cities of the third class have the right to pave streets in the three ways indicated by the learned judge, viz : 1. Entirely at the expense of the city. 2. Entirely at the expense of the own-ers of abutting property. 3. Partly at the expense of the city and partly at the expense of abutting property.

*Theo. A. Lamb,* with him *C. L. Baker,* for appellee.—The city had the right to pave the streets of the city wholly or in part at the expense of the property owners, or wholly or in part at the public expense.

The authorities to encourage paving offered, by this ordinance, to be at one half the expense thereof, if the property owners would advance the cost and accept repayment in instalments of five per centum without interest, payable out of the tax upon the specific property assessed.

Forms are immaterial, a contract may be embodied in a law or in an ordinance : Cooley on Constitutional Limitations, 3d ed. *284.

As examples of contracts by legislation and act thereunder, we cite: New Jersey v. Wilson, 7 Cranch, 164; Gordon v. Appeal Tax Court, 3 Howard, 133; McGee v. Mathis, 4 Wallace, 143; Home of the Friendless v. Rouse, 8 Wallace, 430; Cooley's Constitutional Limitations, *273, *290; Fletcher v. Peck, 6 Cranch, 87, 135; Fazende v. Houston, 34 Fed. Rep. 95; Coast Line R. R. v. Savannah, 30 Fed. Rep. 646.

OPINION BY RICE, P. J., July 23, 1897:

The proposition that the ordinance of April 1, 1880 was repealed by the paving ordinance of October 5, 1892, cannot be sustained.    They are in pari materia and are to be construed together. ` The later ordinance created the condition to which the earlier general ordinance became applicable.    Thus viewed there is no conflict between them.    Applying the well settled principles governing the construction of statutes and ordinances which are in pari materia the paving ordinance is to be construed as if it contained an express provision that the owners of property abutting on the improvement and paying assessments thereon should be entitled to an annual abatement of city taxes on said property of five per centum of the cost of the pavement per lineal foot for the term of ten years.    This provision was fairly within the authority conferred by the local Act of May 9, 1871, P. L. 630, and is not in conflict with any provision, that has been called to our attention, of the act of 1874 or 1889, regulating the making of such improvements in cities of the third class.    Pursuing the same line of thought the learned judge below says : " The city proceeded, under the authority of the

petition, to pass an ordinance for paving the street, and the existing ordinance, applicable to all such cases, must be read into this special provision for the particular case. So read, the enactment substantially is that the pavement shall be paid for in the first instance by the owners of lots, and that the owners shall receive back again 50 per centum of the amount so paid, by way of annual abatement of taxes. This amounts to a promise on the part of the city, for which the defendant has given a sufficient consideration, by signing the petition and by paying his assessment of the costs of the improvement." But it is argued that the act of 1871 was abrogated by the provisions of sections one and two of article nine of the constitution. It is undoubtedly true that it confers powers which could not be exercised, to the fullest extent, by councils, without coming in conflict with the constitutional provisions with reference to uniformity of taxation and exemption from taxation, and to that extent it was modified, and its operative force is restrained, by the latter; but it does not necessarily follow that it was wholly repealed so as to prevent the exercise of powers conferred by it not inconsistent with the provisions of the fundamental law. The question then arises,—whether an act authorizing a city, having power to pave streets at the expense of the city or of the abutting property owners or partly at the expense of the city and partly at the expense of the abutters, to allow the latter an abatement of their general city taxes on the same property, equivalent to a portion of the assessment for the improvements,—is in conflict with the constitutional provisions under consideration. We are justified in saying that this is the main question in the case, for it is very clear that the city of Erie had this power, unless it was taken away by the constitution. We are of opinion that such a law neither offends against the constitutional provision requiring uniformity of taxation nor against that forbidding the enactment of laws exempting property from taxation. When in the exercise of the discretion of the municipal authorities a local improvement has been determined upon and it has also been determined that it would be just to make the city and the abutters bear the expense proportionately, every dollar which one of the latter pays in the first instance beyond his due proportion is in relief of the city and goes to the benefit of other taxpayers. A law

which in its practical operation permits him to apply this over-payment in discharge of the general taxes against the same property manifestly tends to produce uniformity and equality of taxation rather than the contrary. For the same reason it is not an act exempting property from taxation. It simply provides a mode for equalizing the burdens of taxation, and making each citizen bear his due proportion.

The remaining question is as to the effect of the repealing ordinance of September 16, 1895, upon the rights of persons who paid the paving assessments against their properties. The authorized body of a municipal corporation, acting within the scope of its powers, may bind it by an ordinance, which, in favor of private persons interested therein, may, if so intended, operate as a contract: 1 Dill. on Mun. Corp., ¶¶ 450, 474, citing W. F. Savings Soc. v. Phila., 31 Pa. 175; Same v. Same, 31 Pa. 185. A repeal of a valid ordinance of this nature, and thus intended to operate as a contract, cannot operate retrospectively to impair private rights vested under it. Ibid., ¶¶ 314, 450. As the learned judge below well says : " A municipality although vested with legislative powers, is competent to contract, and amenable to judicial coercion, and it cannot legislate away its agreements." It is to be observed that the paving ordinance was passed pursuant to a petition of the abutting property owners. This petition enabled the city councils to pass the ordinance by a vote of a majority of all the members elected, whereas, without petition, a two thirds vote of all the members would have been necessary. Presumably the property owners had in view the ordinance of 1880, and were influenced by it in petitioning for or refraining from opposing the paving ordinance. It was in the nature of an inducement held out to them by the city,—a proposition which was accepted. Furthermore (and this is a consideration which applies to the case of all the abutters, whether petitioners or not), it was just as much a part of the plan or scheme under which the pavement was ordained and laid as if the councils had declared in so many words that one half the cost of the pavement should ultimately be borne by the city. Is it too much to say that the city assumed an obligation which it could not repudiate by a subsequent repeal of the ordinance ? We think not. The

question as to the power of a municipality to "contract away" the taxing power delegated to it is not fairly raised in this case. If, as is conceded by the appellant's counsel, the city had authority to lay the pavement partly at the expense of the city and partly at the expense of the abutters, and, if we are correct in holding that the paving ordinance and the ordinance of 1880 taken together are to be construed as an exercise of that power in a lawful although perhaps roundabout mode, it would seem to follow as a self-evident proposition that the abutter who performed all that the ordinance required of him acquired a vested right to have the city bear the portion of the burden imposed upon it, which right could not be impaired by a subsequent repeal of that portion of the ordinance. The purpose and ultimate effect of the ordinance is not to exempt or partially relieve his property from taxation, but to reimburse him out of the taxes levied upon his property to the extent that he has contributed in the first instance to pay the city's share of the cost of the improvement. The city had the power, if the conditions warranted it, to lay the pavement wholly at the expense of the abutters. It also had the power—and we must presume that this was a proper occasion for its exercise—to apportion the cost between the city and the abutters. This was a matter resting in the discretion of the councils ordaining the improvement, and the mode of exercising it was wholly in the city's favor, since thereby the payment of its share of the expense was distributed over a period of years. But having exercised its discretion, the pavement having been laid and the assessment having been paid, its power was exhausted; it could not afterwards shift its share of the burden upon the shoulders of the abutters. We concur with the learned judge below in holding that the repealing ordinance is valid, but it cannot affect the vested rights of abutting property owners under the original ordinance.

Something was said upon the argument as to the creation of a municipal indebtedness beyond the two per cent limit, but we cannot find that any question of that nature is raised in the case stated. Nor is it alleged that the allowance of the abatement will diminish the annual revenues from ordinary taxation to a point where it will be impossible for the city to provide

for its necessary current expenditures. So far as appears, there is nothing to prevent the city from discharging the obligation it assumed in the defendant's favor according to its spirit and intent.

Judgment affirmed.