| 184      435|
|d 32 SC ²516|

The City of Erie, Appellant, *v.* M. Griswold.

| 184      435|
|d37SC ¹ 38|

*Municipalities—Ordinances—Paving streets—Road law—Constitutional law.*

The Act of May 9, 1871, P. L. 630, which authorizes the city of Erie " in the levy and assessment of taxes paid or imposed on any lots or lands in said city to discriminate between property fronting on or adjacent to any street or streets which shall have been previously paved in whole or in part at the expense of the owner or owners thereof, and . . . . to wholly or in part exonerate any lot or property so fronting on or adjacent to any street wholly or in part so paved from the payment of all, or of so much city tax, as they may deem proper" does not violate article IX., sec. 1, of the constitution requiring uniformity of taxation, nor article IX., sec. 2, forbidding the exemption of property from taxation.

*Municipalities—Ordinances creating contracts—Repeal of ordinance.*

The authorized body of a municipal corporation, acting within the scope of its powers, may bind it by an ordinance which, in favor of private persons interested therein, may, if so intended, operate as a contract ; and the repeal of such an ordinance cannot operate retrospectively to impair private rights vested under it.

Where a city having proper legislative authority passes an ordinance allowing the owners of property abutting on a street to be paved, an abatement of their general city taxes on the same property, equivalent to a portion of the assessment for the improvements, and property owners relying upon the ordinance petition for the paving of a street, the city cannot by repealing the ordinance affect the rights of the property owners which had vested under it.

Argued Jan. 11, 1898.   Appeal, No. 357, Jan. T., 1898, by plaintiff, from judgment of the Superior Court, April T., 1898, No. 13, affirming judgment of C. P. Erie County, May T. 1897.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Appeal from the Superior Court.

The case is reported in 5 Pa. Superior Ct. 132, where the facts appear.

*Error assigned* was that the Superior Court erred in the judgment entered in above entitled case.

*Henry A. Clark*, city solicitor, with him *Joseph P. O'Brien*, for appellant.—We contend that this local act of 1871 was

abrogated January 1, 1874, by the constitution of the commonwealth, and the resultant legislation as expressed in the Act of Assembly of May 14, 1874, P. L. 158: Fox's App., 112 Pa. 337; Phila. v. Masonic Home of Penna., 160 Pa. 572; Mercantile Library Hall Co. v. Pittsburg, 11 Atl. Repr. 667; Norristown v. Ry. Cos., 148 Pa. 87; City of Scranton's App., 113 Pa. 176; Frost v. Cherry, 122 Pa. 417.

*Theodore A. Lamb*, with him *C. L. Baker*, for appellee.—The authorized body of a municipal corporation, acting within the scope of its powers, may bind it by an ordinance, which, in favor of private persons interested therein, may, if so intended, operate as a contract: 1 Dillon on Municipal Corp. sec. 450; Savings Society v. Phila., 31 Pa. 175; Cooley on Constitutional Limitations, *273, *284, *290; State of New Jersey v. Wilson, 7 Cranch, 164; Gordon v. Appeal Tax Court, 3 Howard, 133; McGee v. Mathis, 4 Wallace, 143; Home of the Friendless v. Rouse, 8 Wallace, 430; Fletcher v. Peck, 6 Cranch, 135; Fazender v. Houston, 34 Fed. Rep. 95; Coast Line R. R. v. Savannah, 30 Fed. Rep. 646.

PER CURIAM, January 24, 1898:

We find nothing in the record to justify either reversal or modification of the well considered judgment of the Superior Court. Nothing can be profitably added to what has been so well said by the learned President of that Court in his clear and exhaustive opinion sent up with the record. On that opinion the judgment is affirmed.