# City of Erie, Appellant, *v.* E. B. Carey.

*Municipal law—Ordinances in pari materia—Rules of construction—Abatement of taxes—Street pavement.*

Where an ordinance to pave a certain street in the city of Erie at the expense of the property owners and an ordinance providing that "from and after the first Monday in January, 1896, no abatement of city taxes shall be allowed on any lot or lots by reason of the fact that said lot or lots front on any street which has been or may hereafter be paved at the expense of the owners of property abutting thereon," were approved on the same day (September 16, 1895), *held*, that a property owner is not entitled to a rebate of taxes for the year 1897, under an "abatement" ordinance of April 1, 1880, for cost of paving done in 1896, under the paving ordinance of September 16, 1895.   The two ordinances of September 16, 1895, are not repugnant, but harmonious, and must be construed together to mean that the intent of councils was that the ordinance of 1880 should not apply to, or be an implied part of, the paving ordinance of 1895, and in so ordaining no vested right of the property owner was impaired.

The case at bar is not ruled by Erie v. Griswold, 5 Pa. Superior Ct. 132; 184 Pa. 435, where the conditions were essentially different.

Argued Nov. 20, 1899.   Appeal, No. 82, April T., 1900, by plaintiff, from judgment of C. P. Erie Co., May T., 1899, No. 206, in favor of defendant, on case stated.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Reversed.   Opinion by RICE, P. J.

Case stated.   Before LINDSEY, P. J., of the 37th judicial district, specially presiding.

It appears from the case stated that under the Act of May 9, 1871, P. L. 630, the city of Erie had power to levy assessments for pavement at the expense of the owner or owners of property fronting thereon, and that said mayor and councils shall have power wholly or in part to exonerate any lot or property so fronting on or adjacent to any street wholly or in part so paved from the payment of all or of so much city tax as they may deem proper.   It further appears from the case stated that by an ordinance approved April 1, 1880, an annual abatement in taxes was provided for as to all lots hereafter assessed for paving; that by resolution passed on October 18, 1894, the purpose of the city to pave Tenth street at the ex-

pense of the property abutting thereon was duly announced; that on January 18, certain property owners on Tenth street filed a petition for a brick pavement if said street be paved; that by resolution of councils the prayer of the said petition for the paving of Tenth street was granted and an ordinance was directed to be drawn in compliance therewith, which was directed to be duly advertised for five days in the official paper of the city; that after notice duly given councils sat on July 18th, for the purpose of considering the matter of paving Tenth street, and on September 16, 1895, the paving ordinance providing for the paving of said street was duly approved by the mayor. On the same day, September 16, 1895, an ordinance was approved by the mayor which read as follows: "Section 1. That from and after the first Monday in January, A. D. 1896, no abatement of city taxes shall be allowed on any lot or lots by reason of the fact that said lot or lots front on any street which has been or may hereafter he paved at the expense of the owners of property abutting thereon. Section 2. That any ordinance or part thereof conflicting herewith be and the same is hereby repealed." Tenth street was paved in the year 1896, and the property of defendant, fronting on said street, was assessed for the sum of $662.27, the said sum being the proper proportionate part of the cost of said pavement assessable on said land. On the first Monday of April, 1897, the city of Erie levied a tax for general revenue purposes upon the property of defendant amounting to $54.91. The said tax being levied upon the same pieces of land liable to and assessed with, their proportionate part of the cost of the construction of said pavement.

Defendant claimed an exemption from the payment of a part of the city tax aforesaid, by way of a rebate under the provisions of the ordinance of said city, approved April 1, 1880. Defendant paid all the city tax for the year 1897 levied on the said land fronting on said Tenth street, excepting the sum of $34.52, which said sum defendant refused to pay for the reason aforesaid. It was agreed on the case stated that if the plaintiff is entitled to any rebate he is entitled to the amount of $34.52 for the year 1897, and if the court be of opinion that the defendant is entitled to a rebate, then judgment is to be entered in favor of defendant; but if the court be of opinion that defendant is not entitled to said rebate, then judgment is to be

entered for plaintiff for the sum of $41.42, which amount includes penalties to the first day of May, 1899, or for such other sum as the court may find due to plaintiff.

The court below entered judgment in favor of defendant, filing the following opinion:

The difference between this case, as stated, and the City of Erie v. Griswold, 5 Pa. Superior Ct. 132, is only in the following particulars: In the latter, the ordinance of city councils to pave, was approved, contract let and paving actually done, before the ordinance repealing the rebate ordinance of April 1, 1889, was passed. In this case the ordinance to pave East Tenth street, between Parade street and East avenue was passed on the same day that the repealing ordinance was passed, September 16, 1895, although by its terms it was not to take effect till January 1, 1896. The contract for the paving was not let and certified to by the controller and paving done until after the repealing ordinance was to take effect.

Does this situation change the legal aspect of the case? We think not. The contract between the city and the defendant was completed when the ordinance to pave East Tenth street was approved, September 16, 1895, and at that time the ordinance of April 1, 1880, providing for the abatement of taxes in all cases of paving at owners' expense had not been repealed, inasmuch as the repealing ordinance was by its terms not to take effect till January 1, 1896.

A statute passed to take effect at a future date must be understood as speaking from the time it goes into operation and not from the time of its passage: 23 Am. & Eng. Ency. of Law, 217, and cases there cited.

There is no such thing as a law in presenti to take effect in futuro, an act to take effect in future, at a fixed time, or upon a certain event, must await the time or other events to become a law: Clarke v. Rochester, 24 Barb. (N. Y.) 496; Larabee v. Talbott, 46 Am. Dec. 645; Endlich on Interp. of Statutes, secs. 499–500.

The preamble on the paving ordinance approved September 16, 1895, was as follows: "Whereas, a majority of the owners of real estate fronting on Tenth street in the city of Erie, between Parade street and East avenue, have petitioned the councils

for the improvement of said Tenth street between the points aforesaid, by grading, curbing and paving said Tenth street, and the public welfare requires such improvement. Therefore, be it enacted," etc. Councils having thus treated the petition for the paving, and having passed the ordinance in pursuance of it, the defendant being one of the petitioners, the city cannot now be heard to say it acted under and in pursuance of some other law. The only other authority for paving at the cost of the property owners is under the Act of May 23, 1889, P. L. 277, and if the petition could be treated as an agreement among property owners as to the kind of pavement preferred, it lacks the approval of the mayor, required by that act.

The ordinance having been passed in pursuance of a petition by the majority of the owners of property fronting on the street to be paved, and the defendant being one of the petitioners, the case is, in our judgment, clearly within the decision of Erie City v. Griswold, 5 Pa. Superior Ct., 132. The contract having been consummated by the passage and approval of the ordinance to pave Tenth street, all that was done after that time was in carrying out the contract thus made between the city and the defendant.

A rule that would treat contracts entered into under an existing law as ended by the repeal of the law, before the fulfilment of the contract would be liable to work very great injustice.

It was urged by counsel for plaintiff on the argument, and with force and ability, that the local Act of April 14, 1871, P. L. 630, was abrogated by sections 1 and 2 of article 9 of the constitution of 1874, and the consequent legislation of May 14, 1874, P. L. 153. But this question was decided adversely to the plaintiff's contention in City of Erie v. Griswold, 5 Pa. Superior Ct. 132, affirmed by the Supreme Court, 184 Pa. 435, and it is our duty to follow these decisions.

Being of the opinion that the facts agreed to in the case stated bring this case within the decision in City of Erie v. Griswold, supra, it is ordered that judgment be entered for the defendant, with costs.

Plaintiff appealed.

*Error assigned* was in directing judgment to be entered in favor of defendant on case stated.

*Henry A. Clark* and *William G. Crosby*, city solicitor, for appellant.—This case is the outgrowth of section 4 of the local act of assembly, approved May 9, 1871, P. L. 630. The authority thus given was exercised and culminated in the passage of the ordinance of April 1, 1880. See sec. 4, p. 5. This ordinance provides that, after its passage, where a street shall be paved at the expense of the abutting property owners (a donation in the nature of) an abatement may be made annually in city taxes on the lots fronting upon the paved street to the extent of five per centum of the cost, for a term of ten years.

We contended that this local act of 1871 was abrogated January 1, 1874, by the constitution of the commonwealth, and the resultant legislation as expressed in the Act of assembly of May 14, 1874, P. L. 158.

The exempting ordinance of 1880 was evidently framed to meet the provisions of the Act of May 23, 1874, P. L. 230, section 20, clause 32, which authorizes the city to levy and collect the cost of a pavement "from the owners of the real estate bounding and abutting thereon by an equal assessment on the feet front bounding or abutting as aforesaid, not on adjacent property and a part but the whole of the cost.

Councils cannot effect by ordinance what they are not permitted to accomplish by law: Norristown v. Ry. Co., 148 Pa. 87.

It seems to us that the learned court below clearly erred in construing the repealing ordinance of September 16, 1895, in holding that said ordinance could have no application in cases where the ordinance for a pavement and the petition therefor were completed and approved prior to January 1, 1896; if that be a correct construction and application of the repealing ordinance, then paving abatements could be enforced by property owners on every unpaved street in the city of Erie by merely petitioning for a pavement and having the ordinance therefor passed and approved between the time of the approval of the repealing ordinance and the date it goes into effect, and following such iniatory action by completing the improvements at such future time as might suit their pleasure or that of councils, thereby defeating the very intention of said repealing ordinance, which was to abolish all paving abatements after the first day of January, 1896.

The repealing ordinance applies to any pavement put down after September 16, 1895, for it is so stated in the seventh line in the words " or may hereafter be paved." The tax for the year 1895, and the rebate allowances have been fixed and could not be changed. This was not so for the year 1896. The repealing ordinance was held invalid only as to the past. Its prospective force was determined. The Tenth street pavement comes in the list of streets " hereafter paved." There were no vested rights in the property owners at the time, September 16, 1895. They cannot claim their rebate allowances now.

*Charles Heydrick*, for appellee.—In the view we take of this case there is really but one question presented, When did the rebate-repealing ordinance become effective?

Did this ordinance become operative upon its passage or on the first Monday of January, 1896?

The ordinance is valid, but it cannot affect existing contracts. The paving ordinance created a contract with the property owners ; had it a prior existence?

A statute passed to take effect at a future date must be understood as speaking from the time it goes into operation and not from the time of its passage : 23 Am. & Eng. Ency. of Law, 217, and cases there cited.

There is no such thing as a law in presenti to take effect in futuro. An act to take effect in future, at a fixed time, or upon a certain event, must await the time or other event to become a law : Clarke v. Rochester, 24 Barb. (N. Y.) 496 ; Larabee v. Talbott, 46 Am. Dec. 637 ; Endlich on Interp. of Statutes, secs. 499–500.

Even should it be held that the repealing ordinance became effective on the same date with the paving ordinance, we contend that, in the absence of proof of priority, equitable considerations require that it be construed as of date subsequent to the paving ordinance : People v. Clark, 1 Cal. 406 ; Kennedy v. Palmer, 72 Mass. 316.

This case is practically on all fours with City of Erie v. Griswold, 5 Pa. Superior Ct. 132 ; 184 Pa. 435.

Therein is sustained the validity of the local Act of May 9, 1871, P. L. 630, modified by the new constitution of 1874; the validity of the city ordinance of April 1, 1880, and the city's authority to contract with the property owner by ordinance.

OPINION BY RICE, P. J., February 16, 1900:

In the case of Erie v. Griswold, 5 Pa. Superior Ct. 132, 184 Pa. 435, it appeared that the paving ordinance was approved, the contract let and the paving actually done before the ordinance of September 16, 1895, repealing the "rebate ordinance" of April 1, 1880, was adopted. It appears in the present case that the ordinance to pave East Tenth street, between Parade street and East avenue, and the repealing ordinance above referred to, were approved on the same day. It should be noticed also that in the Griswold case the street was paved upon the petition of the property owners, whilst in this case the property owners simply petitioned "for a brick pavement if said street be paved." All these facts are more fully set forth in the case stated. The learned judge of the court below held that, notwithstanding this difference of fact, the principle upon which the Griswold case was ruled is applicable and controlling in the present case and, therefore, abutters on the line of the improvement in question are entitled to a proportionate abatement from their general city taxes, as provided in the ordinance of 1880. He based this conclusion on the ground that at the time of the approval of the paving ordinance in question, "the ordinance of April 1, 1880, providing for the abatement of taxes in all cases of paving at owners' expense, had not been repealed, inasmuch as the repealing ordinance was by its terms not to take effect till January 1, 1896." In considering this question it will be well to keep prominently in view the terms of what is called the repealing ordinance. It is entitled, "an ordinance abolishing abatement of taxes allowed on lots fronting on paved streets," and it reads as follows: "Section 1. That from and after the first Monday in January, A. D. 1896, no abatement of city taxes shall be allowed on any lot or lots by reason of the fact that said lot or lots front on any street which has been or may hereafter be paved at the expense of the owners of property abutting thereon. Section 2. That any ordinance or part thereof conflicting herewith be and the same is hereby repealed." If the municipal authorities had intended their action to be wholly prospective in its operation, i. e., to affect only the paving of streets ordained after the date named, a simple repeal of the ordinance of 1880, with the proviso that the repeal should not take effect until the first Monday of January, 1896, would

have been sufficient. Had they expressed their will in that form the general doctrine that a statute or an ordinance passed to take effect at a future date must be understood as speaking from the time it goes into operation, and not from the time of its passage, would seem to control. And in that case it might well be argued that the abatement ordinance of 1880 was as much a part of the paving ordinance under consideration as it was of the paving ordinance construed in the Griswold case. But it is impossible for us to construe the ordinance above quoted as a simple repeal of the abatement ordinance with a proviso that the repeal should not take effect until the date named. On the contrary, we have been driven to the conclusion that the intention of the municipal authorities was to end the allowance of abatements on the first Monday of January, 1896, to compel the payment of general city taxes levied after that date in full, without exoneration or abatement, and this too whether the claim therefor arose out of the payment of " frontage assessment imposed under " a paving ordinance passed before the date of the repealing ordinance or a paving ordinance passed after that date. The only way to avoid this conclusion is to strike out the words " has been or " as merely redundant, and in place of the word " hereafter " read " thereafter." This would not be the construction of an ambiguous ordinance, but the judicial amendment of a plain and unambiguous one. We held, it is true, in the Griswold case that the ordinance could not affect the vested rights of abutters under a prior paving ordinance, but this does not weaken the argument drawn from the manifest intent of councils to make the ordinance apply to every case of paving at the property owners' expense, whether past or future, and to shut out every possible claim for abatement of the general city taxes of any subsequent year. So far as that intent was lawful it must be carried out, and if we are right in the foregoing conclusions the two ordinances of September 16, 1895, must be construed together. They are not repugnant, but harmonious in all their terms. There is no occasion for resorting to any arbitrary presumption that the paving ordinance was passed at one moment in the day, and the other ordinance at a later moment, in order to carry out any supposed intent of councils or to prevent injustice. In brief, the intent of councils that the ordinance of 1880 should not

apply to, or be an implied part of, the paving ordinance in question is clear, and it does not appear that, in so ordaining, any vested right of the defendant was impaired. It follows that he was not entitled to an abatement of his city taxes for the year 1897.

The assignment of error is sustained, the judgment is reversed, and it is now ordered that judgment be entered for the plaintiff for the sum of $41.42.