# Erie *v.* Paskett.

*Ordinance creating contracts—Repeal of as affecting vested interests.*

The authorized body of a municipal corporation, acting within the scope of its powers, may bind it by an ordinance which, in favor of private persons interested therein, may, if so intended, operate as a contract, and a repeal of a valid ordinance of this nature, and intended to operate as a contract, cannot operate retrospectively to impair private rights vested under it.

Argued May 22, 1900. Appeal, No. 114, April T., 1900, by plaintiff, in suit of City of Erie against Thomas Paskett, from judgment of C. P. Erie Co., May T., 1899, No. 207, in favor of defendant on case stated. Before RICE, P. J., BEAVER,

ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.
Opinion by RICE, P. J.

Case stated.   Before LINDSEY, P. J., of the 37th judicial
district, specially presiding.

It appears from the case stated that the question for deter-
mination was as to whether defendant was entitled to certain
rebate of taxes amounting to $18.84 for year, 1897 and $13.47
for the year 1898, as against the cost of street pavement, by virtue
of the provisions of the ordinance of April 1, 1880, repealed by
ordinance of September 16, 1895, after the paving of the street
had been directed to be made but prior to the actual execution
of the contract for the paving.

The court below entered judgment for defendant, filing the
following opinion:

There is no substantial difference between this case and Erie
v. Griswold, 5 Pa. Superior Ct. 132.   In that case all the proceed-
ings and the paving of the street was before the passage of the
ordinance repealing the rebate ordinance of April 1, 1880.   In
this case the contract for the work of paving was not signed
and certified by the controller till after the repealing ordinance
took effect.   The proceedings began in this case by a petition
by the owners of property fronting on the street paved the
same as in the Griswold case, and all the proceedings were
the same with the single exception mentioned above.   [We
think the signing of the contract to pave and certificate of the
controller were but the carrying out of the contract completed
between the city and the defendant before the repeal of the
rebate ordinance and the case is clearly within the city of Erie
v. Griswold, supra.

It is therefore ordered that judgment be entered for the
defendant with costs as provided by the case stated.] [1]

Judgment for defendant.   Plaintiff appealed.

*Error assigned* was in directing judgment for defendant on
the case stated, reciting portion of decree.

*Wm. G. Crosby,* city solicitor, for appellant.—This case
comes within the facts and reason in the case of Erie v. Carey,
12 Pa. Superior Ct. 584.

*Charles Heydrick,* for appellee.—The repealing ordinance was subsequent to the paving ordinance in this case by several months.

The case is ruled by Erie v. Griswold, 5 Pa. Superior Ct. 132, affirmed in 184 Pa. 435.

OPINION BY RICE, P. J., July 26, 1900:

The manifest distinction between this case and Erie v. Carey, 12 Pa. Superior Ct. 584, is that in the latter case the so-called repealing ordinance and the paving ordinance then under consideration were, in effect, parts of a single ordinance, whilst in the present case the city seeks to give to the repealing ordinance the retroactive effect of depriving property owners of the right to abatement which the paving ordinance, adopted some months before the adoption of the repealing ordinance, gave them. But in Erie v. Griswold, 5 Pa. Superior Ct. 132; 184 Pa. 435, it was held that the authorized body of a municipal corporation, acting within the scope of its powers, may bind it by an ordinance which, in favor of private persons interested therein, may, if so intended, operate as a contract, and that a repeal of a valid ordinance of this nature, and intended to operate as a contract, cannot operate retrospectively to impair private rights vested under it. Applying this principle, it was held that the repealing ordinance in question was not effective to deprive abutters of the right to abatement which the previously adopted paving ordinace gave them. The fact, which alone distinguishes the case at bar from the Griswold case, that in the case at bar the contract for the paving had not been let prior to the adoption of the so-called repealing ordinance, cannot affect the decision. The case is ruled in principle by Erie v. Griswold, not by Erie v. Carey.

The judgment is affirmed.