## Ulrich, Appellant, *v.* Coaldale Borough.

*Borough—Borough solicitor—Election of—Discharge of—Act of April 25, 1907, P. L. 103.*

1. A borough solicitor is not legally elected, where it appears that the ordinance under which such officer claims election, was never recorded in the borough ordinance book with the certificate of the secretary thereon as required by the Act of May 23, 1893, P. L. 113.

2. A borough solicitor elected under the Act of April 25, 1907, P. L. 103, may be lawfully removed by the borough council, the power appointing him. The office of borough solicitor is not a constitutional office, and the incumbent may therefore under art. 6, sec. 4, of the constitution "be removed at the pleasure of the power" by which he was appointed.

Argued Dec. 6, 1912.  Appeal, No. 266, Oct. T., 1912, by plaintiff, from order of C. P. Schuylkill Co., July T., 1912, No. 22, refusing to take off nonsuit in case of John O. Ulrich v. Coaldale Borough.  Before Rice, P. J., Henderson, Morrison, Orlady, Head and Porter, JJ.  Affirmed.

Assumpsit for salaries as borough solicitor.  Before Brumm, J.

The opinion of the Superior Court states the facts.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*T. H. B. Lyon*, for appellant.—The ordinance fixed the salary of the plaintiff and also the amount of his bond and had no reference to the salary or bond of any other person for that office; it was intended to operate as a contract between the borough and the plaintiff and could not be repealed nor abrogated during the term of the plaintiff without his express consent: Erie v. Griswold, 5 Pa. Superior Ct. 132; Erie v. Griswold, 184 Pa. 435; Erie v. Paskett, 14 Pa. Superior Ct. 400; Lehigh Coal & Nav. Co. v. Street Ry. Co., 167 Pa. 126.

The action of council on March 2 and 6, 1908, did not repeal the ordinance of June 4, 1907, relating to the plaintiff and his term of office: Swindell v. State, 35 L. R. A. 50; Ryce v. Osage, 55 N. W. Repr. 532; Shroder v. Lancaster, 6 Lanc. Bar, 200; State v. Camden, 33 Atl. Repr. 846.

All persons appointed to office may be removed by the power which appointed them; the office of borough solicitor is not an office to which the incumbent is appointed, but to which he may be elected by the persons in a representative capacity as provided by sec. 12 of art. VIII of the constitution.

*Geo. M. Roads*, with him *B. J. Duffy*, for appellee.—The office was appointive: Com. v. Black, 201 Pa. 433; Brower

v. Kantner, 190 Pa. 182; Houseman v. Com., 100 Pa. 222; Lane v. Com., 103 Pa. 481; Com. v. Connor, 207 Pa. 263.

The power to appoint carries with it the power to remove: Com. v. Lynch, 8 Pa. Dist. Rep. 347; Com. v. Rutherford, 8 Pa. Dist. Rep. 349; Com. v. Sulzer, 198 Pa. 502; State v. Hudspeth, 36 Atl. Repr. 662; Thomas v. Scranton Poor Dist., 4 C. P. Rep. 155.

The ordinance on which appellant's suit is brought is invalid: Altoona v. Bowman, 171 Pa. 307; Thompson v. Chase, 2 Grant (Pa.) 367; Com. v. Beaver Borough, 171 Pa. 542; Com. v. Schubmehl, 13 Montgomery County, 157; Com. v. Buchanan, 6 Kulp, 217; Lansford v. Lutz, 11 Pa. Dist. Rep. 411; Grier v. Homestead Boro., 6 Pa. Superior Ct. 542; Lansdowne v. Elec. Light & Power Co., 206 Pa. 188; Carpenter v. Yeadon Borough, 208 Pa. 396.

OPINION BY MORRISON, J., March 6, 1913:

John O. Ulrich, appellant, sued in assumpsit to collect from the borough of Coaldale, appellee, his salary as solicitor for appellee from the first Monday of March, 1908, to the first Monday of March, 1911, claiming $350 for each of said three years, payable annually under, as he alleged, a valid contract between himself and the appellee. At the close of his testimony in chief the learned trial judge entered a compulsory nonsuit and subsequently the court refused to take it off and the appellant excepted and appealed.

No question is involved in this suit as to the fact that the appellant was employed as solicitor for the appellee for one year from the first Monday of March, 1907, and he acted as such till the first Monday of March, 1908, and received payment in full for one year's services.

The important question sought to be raised in the present appeal is, had the appellant made a prima facie case, which entitled him to go to the jury, when the learned trial judge granted the nonsuit? The sole assignment of error is, "The court erred in refusing to take off the compulsory nonsuit."

The Act of April 25, 1907, P. L. 103, is entitled: "A supplement to the act of April third, eighteen hundred and fifty-one, entitled 'An act regulating boroughs,' providing for the election of a borough solicitor, fixing the term of office and prescribing his duties, and authorizing the town council to fix his compensation." This act provides for the election, by a vote of the majority of the town council, of one person, learned in the law, who shall be styled the borough solicitor, and shall serve for the term of three years from the first Monday of March succeeding his election, and until his successor shall be duly qualified, and the town council shall also fix the compensation he shall be allowed for said term. On June 4, 1907, the town council adopted an ordinance in pursuance of the act of April 25, 1907, for the purpose of creating the office of borough solicitor, for the term of three years and fixing his salary at $350 annually. The basis of the appellant's claim is that said ordinance amounted to a contract between himself and the appellee which vested rights in the appellant to said office and salary for three years and that he could not be deprived of said office and salary, without his consent, except for cause, such as neglect of duty, incapacity, etc.

The learned counsel for appellant squarely takes the position that, "the ordinance was necessary to create the contract because neither council nor officers of a municipality can contract in any other way." And he cites Lehigh Coal & Nav. Co. v. St. Ry., 167 Pa. 126, and refers to p. 130. Said page contains a portion of the opinion of the lower court and several authorities are there cited. In that case the decree of the court below was affirmed by the Supreme Court. Among the authorities cited by the lower court is Milford Borough v. Milford Water Co., 23 W. N. C. 413, where the Supreme Court, speaking through the late Chief Justice Paxson said: "But no such ordinance was passed and neither councils nor the officers of the municipality can contract in any other way. It is one of the safeguards of municipal corporations that

they can only be bound by a contract authorized by an ordinance duly passed."

We agree that a valid contract between the appellant and appellee could only be made, in regard to the subject-matter of this suit, under a valid ordinance, duly passed, approved, advertised and recorded in the ordinance book of the borough with the certificate of the secretary. The recording of the ordinances and other proceedings of borough councils is·required by the Act of April 3, 1851, P. L. 320 (sec. 8, p. 324) and following this is the Act of May 23, 1893, P. L. 113, which contains the following: "Provided, That before any ordinance shall come into force and effect as aforesaid the same shall be recorded in the borough ordinance book with the certificate of the secretary and be advertised as herétofore required by law."

The appellant's declaration is based on the ordinance of June 4, 1907, which does not name the appellant nor refer specifically to him. In said declaration it is stated: "That said ordinance was advertised as required by law and transcribed in the ordinance book with the certificate of the secretary attached thereto." But in attempting to prove his case at the trial it clearly appeared, and was conceded at the argument, that the said ordinance was never recorded in the borough ordinance book with the certificate of the secretary thereon. For this reason we feel compelled to hold that the appellant failed to sustain his title to the office of borough solicitor as averred in his declaration, and his learned counsel concedes that his title to said office rests on this ordinance. As to the importance of recording an ordinance in the borough ordinance book we refer to the following authorities: Grier v. Homestead Borough, 6 Pa. Superior Ct. 542; Lansdowne v. Citizens E. L. & P. Co., 206 Pa. 188; Carpenter v. Yeadon Borough, 208 Pa. 396.

The presumption in favor of the constitutional regularity of the proceedings of the legislative department of the government does not apply to the regularity and legality of the proceedings of municipal corporations: Altoona

v. Bowman, 171 Pa. 307.   The ordinance not being tran-
scribed in the borough ordinance book, as required by
law, was invalid: Com. v. Beaver Borough et al., 171
Pa. 542.   In our opinion, the appellant failed to fur-
nish sufficient legal evidence of his election as borough
solicitor, for a term of three years, or for any other term,
dating from March 2, 1908, and, therefore, the learned
court did not err in refusing to take off the com-
pulsory nonsuit: Bonner v. Jennings, 224 Pa. 391.   We
here remark that it is only by inference from the passage
of the ordinance and accepting his bond, that it can
be found that the borough council ever meant to elect
or appoint appellant borough solicitor for a three years'
term from March, 1908, and we have already seen that
to make such a contract the burden was on the appellant
to establish it under a valid borough ordinance.

But suppose, arguendo, that we are wrong and that the
appellant was legally appointed borough solicitor for a
term of three years from March, 1908, and his salary
fixed at $350 per annum, why could not the appointing
power discharge him and why was he not discharged by
the action of the borough council in March, 1908, in
attempting to appoint other counsel and in notifying the
appellant that he is no longer recognized as borough
solicitor?   The learned counsel for appellant contends
that by virtue of the ordinance of June 4, 1907, and the
filing of a bond, and its acceptance by the council, ap-
pellant's term of office was established for three years and
that it operated as a contract between the borough and
appellant of such a character that it could not be repealed
nor abrogated till the end of the term without his express
consent.   In support of this position he cites: Erie v.
Griswold, 5 Pa. Superior Ct. 132; Same v. Same, 184 Pa.
435; Erie v. Paskett, 14 Pa. Superior Ct. 400.   We do not
think these cases sustain the counsel's position.   They
refer to ordinances relating to taxes, streets, etc., and,
in our opinion, such ordinances stand on a different
footing than an ordinance relating to the appointment

of an officer of a borough. It seems to us quite plain that vested rights might accrue under tax, street and other business ordinances and not under an ordinance relating to an appointive officer of a municipality. It is true that the Act of April 25, 1907, P. L. 103, says the town council may elect one person, learned in the law, as borough solicitor. But is this anything but a method of appointment by the borough council? We incline to the opinion that a borough solicitor under said act is an appointed officer. It is not easy to see how borough councils could reach an appointment, unless by unanimous agreement, except by a vote of the members of councils. In this connection we call attention to the fact that it was proved at the trial that on March 6, 1908, the council passed a resolution that appellant was no longer solicitor of the borough of Coaldale and he acknowledged receipt of the notice. This resolution certainly gave him notice that the council did not recognize his title to said office. The office of borough solicitor created by the Act of April 25, 1907, P. L. 103; is not a constitutional office and that act when read in connection with the constitutional provision, art. VI, sec. 4 as follows: ". . . . appointed officers, other than judges of the courts of record, and the superintendent of public instruction, may be removed at the pleasure of the power by which they shall have been appointed," leaves the matter in the same situation as if the Act of April 25, 1907, contained the proviso that nothing herein contained shall be construed to prevent the borough council from removing such solicitor at their pleasure. See Houseman et al. v. Com. ex rel., 100 Pa. 222; Com. ex rel. Bowman v. Slifer, 25 Pa. 23; Jenkins v. Scranton, 205 Pa. 598.

The Act of April 18, 1878, P. L. 26, authorized the governor, by and with the advice and consent of the senate, to appoint recorders of cities of the first class, for a term of ten years, etc. But in Lane v. Com. ex rel., 103 Pa. 481, the Supreme Court held that, "The Governor alone has power, without the concurrence of the Senate,

by virtue of the provisions of article VI, sec. 4 of the constitution, to remove at his pleasure, during their terms of office, recorders of cities of the first class appointed under the Act of April 18, 1878, P. L. 26." See Com. v. Sulzner, 198 Pa. 502; Com. ex rel. v. Connor, 207 Pa. 263.

When an appointee has entered on a discharge of his duties, at a fixed salary, and the office is abolished by the legislature, no action for salary will lie for an unexpired term: Com. v. McCombs, 56 Pa. 436; Com. ex rel. v. Weir, 165 Pa. 284; Com. v. Moir, 199 Pa. 534; Lloyd v. Smith et al., 176 Pa. 213.

If we are right in holding that the ordinance of June 4, 1907, never went into effect, it cannot be said that the borough council ratified appellant's title to the office in question, because the minutes of their action put in evidence show that they refused to recognize him as solicitor after March, 1908, and that they so notified him and at least attempted to appoint other solicitors. In our opinion there are two controlling reasons why the court below did not err in refusing to take off the compulsory nonsuit: first, the appellant claimed under an ordinance which never went into effect. Second, if the appellant was duly appointed and qualified as borough solicitor for a term of three years, the appointing power, the borough council, could remove him at pleasure, and this was actually done by action of the council early in March, 1908.

The appeal is dismissed, at the cost of appellant, and the judgment is affirmed.