## Olyphant Sewage-Drainage Co., Appellant, *v.* Olyphant Borough.

*Sewers—Boroughs—Sewer company—Permissive right—Contract—Act of May* 16, 1891, *P. L.* 75.

A mere permission, by a borough, to a sewer company, organized under the Act of June 10, 1893, P. L. 435, to construct a system of sewers under the borough streets, does not give to the sewer company the exclusive right to use the streets for such purposes; but the borough may thereafter install a sewer system of its own, using some or all of the same streets without any liability to the sewer company for indirect or consequential damages for the reduction of the earning power of the company's system.

The provisions of the Act of May 16, 1891, P. L. 75, relating to sewers, which requires the viewers "to determine the damages for property taken, injured or destroyed," means the actual and physical appropriation of or injury to the property of persons injured, and does not cover indirect or consequential damages to the business of a sewer company with which the municipality had no contract.

The Act of April 3, 1851, P. L. 320, confers no power upon boroughs to

provide a sewage system by contract. In this particular the rights of a borough as to a sewage system and a water supply are essentially different.

Argued Feb. 20, 1905. Appeal, No. 38, Jan. T., 1904, by plaintiff, from order of C. P. Lackawanna Co., Jan. T., 1904, No. 38, dismissing exceptions to report of referee in case of Olyphant Sewage-Drainage Company v. Olyphant Borough. Before MITCHELL, C. J., DEAN, BROWN, POTTER and ELKIN, JJ. Affirmed.

Petition for appointment of jury of view.
Exceptions to report of R. L. Levy, Esq., referee.

The referee reported in favor of the defendant on exceptions. NEWCOMB, J., filed an opinion in which he stated the essential facts to be as follows:

In August, 1900, the borough of Olyphant, under the power and authority conferred by the general borough act of April 3, 1851, P. L. 320 and the Act of May 16, 1891, P. L. 75, in and about the construction of sewers and drains, enacted an ordinance providing for the extension of such system of sewers and drains as it then had in what was designated as the first sewer district. At that time the plaintiff company—a corporation organized under the Act of June 10, 1893, P. L. 435, was engaged in the construction of a sewer on certain streets in the borough named in the ordinance upon which the borough sewer was to be extended. It was exercising its corporate rights under permission to use the streets for that purpose granted by the borough by ordinance in 1894. For the same reason its construction was not begun until 1899, its time limit having been extended in the meantime by proceedings in this court.

The ordinance of 1894 is fully set forth in the report and is in terms nothing more than a mere permission to the company to enter upon and use the streets for the necessary purposes of construction and maintenance. It contains no conditions nor other terms suggestive of inducement to the company or intention to contract with it in the premises other than so far as it may be possible to imply such contract from the language of the second section of the ordinance which purports to " grant

permission to enter upon, etc., . . . as in the judgment of the board of directors of said company may be necessary, etc., . . . for the sewering, draining and sanitary improvement of said borough." Neither is there a word to indicate the intention to grant an exclusive privilege.

The ordinance of 1900 neither expresses intention nor indicates the purpose to take, injure or destroy any of the property, works or material of the company. It is not pretended that anything has been done in pursuance of the ordinance directly or indirectly resulting in such injury.

It is claimed first that by reason of its grant to the company the borough has deprived itself of the power to make the improvement in question, and therefore its proposed construction is unlawful.

The court dismissed the exceptions.

*Error assigned* was order dismissing exceptions and entering judgment for defendant.

*Harold A. Watres* and *Everett Warren,* of *Willard, Warren & Knapp,* for appellant.—Irrespective of the question of physical invasion, if the property is injured in the exercise of the right of eminent domain, just compensation must be awarded.

The words "taken," "injured" and "destroyed" all are applicably appropriate to this case: Gas & Water Company v. Tyrone Boro., 195 Pa. 566; White v. Meadville, 177 Pa. 643; Downington Gas & Water Co. v. Downington Boro., 175 Pa. 341; Pusey v. City of Allegheny, 98 Pa. 522; Chester Co. v. Brower, 117 Pa. 647; Butchers' Ice & Coal Co. v. Phila., 156 Pa. 54; Boom Co. v. Patterson, 98 U. S. 403; Monongahela Nav. Co. v. United States, 148 U. S. 312 (13 Sup. Ct. Repr. 622); Water Works Co. v. Kansas City, 28 Fed. Repr. 921; Butchers' Union Slaughter House Co. v. Crescent City Live Stock Landing Co., 111 U. S. 746 (4 Sup. Ct. Repr. 652).

These Pennsylvania cases familiar to the court hold that a municipality with the power to exercise some public function having once performed that function by a contract through another creature of the same sovereign cannot thereafter exercise that function adversely to the contract let for that purpose unless it pay therefor in the same manner provided by law: White v.

Meadville, 177 Pa. 643; Metzger v. Beaver Falls, 178 Pa. 1; Wilson v. Rochester, 180 Pa. 509; Gas & Water Company v. Water Company, 182 Pa. 17; Water Company v. Centre Hall Boro, 186 Pa. 74; Welch v. Beaver Falls, 186 Pa. 578, Carlisle Gas & Water Co. v. Carlisle Water Co., 188 Pa. 51; Harlow v. Boro. of Beaver Falls, 188 Pa. 263; Philipsburg Water Company v. Citizens' Water Co., 189 Pa. 23; Gas & Water Co. v. Tyrone Boro., 195 Pa. 566; Gas & Water Company v. Downingtown Boro., 175 Pa. 341; and Water Company v. Millvale Boro., 200 Pa. 613.

*F. M. Lynch,* for appellee.—Municipal corporations, by virtue of their power to make and maintain streets, and by the powers conferred upon them to do all necessary acts for the protection of the health of the community, may construct sewers, drains and culverts.

The general borough Act of April 3, 1851, P. L. 320, and the Act of May 16, 1891, P. L. 75, give full, ample and complete authority to the borough of Olyphant to construct a system of sewers.

The power to construct the sewer is a sovereign power which cannot be bartered away or surrendered, and parties who contract with a municipal corporation upon matters involving such a use or occupation of the streets do so subject to the future use of this power: Tiedeman on Municipal Corp., sec. 294, p. 566; Elliott on Roads & Streets, p. 368; Louisville City Ry. Co. v. Louisville, 8 Bush (Ky.), p. 415; Water Works Company v. Kansas City, 28 Fed. Repr. 921.

The borough of Olyphant did not and according to the authorities just cited, could not confer exclusive rights or privileges upon the Olyphant Sewage-Drainage Company. The right of the borough to construct a system of sewers is no wise impaired by grant of franchise to the Olyphant Sewage-Drainage Company, nor has the state by its grant of corporate privileges to Olyphant Sewage-Drainage Company impaired or diminished in any way the former powers and privileges conferred upon the borough: Scranton Electric Light & Heat Co.'s App., 122 Pa. 154; Emerson v. Com., 108 Pa. 111; Luzerne Water Co. v. Toby Creek Water Co., 148 Pa. 568; Water Co. v. Centre Hall Borough, 186 Pa. 74.

The construction of the extension to its sewer system by the borough is only a reasonable use of the borough's right and, though it be to the injury of another, no action will lie : Penna. R. R. Co. v. Lippincott, 116 Pa. 472; Penna. R. R. Co. v. Marchant, 119 Pa. 541; Pittsburg & Lake Erie R. R. v. Jones, 111 Pa. 204; R. R. Co. v. Yeiser, 8 Pa. 366.

OPINION BY MR. JUSTICE ELKIN, April 17, 1905:

This proceeding is instituted under the Act of May 16, 1891, P. L. 75, which provides for the ascertainment of damages for property taken, injured or destroyed by a municipality in the construction of a sewage system therein. This act was intended to provide a complete system of remedy and course of proceedings for the ascertainment of damages and the assessment of benefits in all cases of street improvements, including the construction of sewers in the municipalities of the commonwealth, except where a different method was provided by local or special laws. In the present case we have only to consider the act so far as it relates to the construction of a sewer in said borough.

The general corporation act of 1874, as amended by the Act of June 10, 1893, P. L. 435, provides for the incorporation of companies for the construction and maintenance of sewers in the cities, boroughs and townships of the commonwealth. The plaintiff company was incorporated under the provisions of said act on February 27, 1894, and soon thereafter applied for and secured an ordinance granting it permission to construct a sewer system in the defendant borough. The ordinance only gave the plaintiff company permission to enter upon, occupy and use the public highways within said borough for proper sewer drainage. Plaintiff at a later date petitioned for and obtained a decree from the court of common pleas of Lackawanna county, extending the time in which to complete the construction of the sewer until April, 1899, at which time it commenced to excavate the streets and lay pipes in said borough. On August 16, 1900, the town council of said borough passed an ordinance, which was duly approved, for the construction by the borough authorities of a system of sewage in said borough, some parts of the proposed sewer system being located on the streets on which the plaintiff company had been

granted permission and had laid its pipes and conduits. The viewers appointed to ascertain the damages and assess the benefits found "that none of the properties abutting on said proposed sewer will be damaged by its construction." Exceptions were filed to and an appeal taken from this report by plaintiff. A referee was appointed before whom testimony was taken and parties heard. The referee decided against the contention of the plaintiff, and his report was affirmed by the court below.

The evidence produced fully justified the referee in finding as a fact that the construction of the sewer system by the defendant did not cause any physical injury to the property of the plaintiff. The provision in the act of 1891, which requires the viewers "to determine the damages for property taken, injured or destroyed " means the actual and physical appropriation of or injury to the property of persons injured, and cannot be held to cover indirect and consequential damages that may result to the plaintiff by reason of the construction of a new system of sewage by the borough, the effect of which would be to reduce the earning power of the sewer system of the plaintiff. The appellee, therefore, contends that any loss or damage sustained by the plaintiff company under these circumstances is damnum absque injuria. The referee and the court below have both so found, and properly so.

It is argued by learned counsel for appellant that a municipality with power to exercise public functions having once exercised that power by contract with a private corporation, cannot thereafter exercise that function adversely to the contract so made, unless it pay damages to the corporation injured by the competition thus created. The cases cited under the principle asserted have no application to the facts of the present case. It is true that in the water company cases relied upon by the appellant this court held that a borough by legislative authority could only at the same time adopt one of two methods to supply itself with water. In Carlisle Gas and Water Company v. Carlisle Water Company, 188 Pa. 51, Mr. Justice DEAN said : " In all these cases we held that by the present legislation on the subject a municipality was authorized to adopt one of two methods to supply itself with water: (1) It could construct and operate its own works by municipal

taxation; or (2) It could contract with a private corporation to construct works and to supply the municipality with water. We further held that it could not adopt both methods and have them in operation at the same time; the selection of one was necessarily, under the law, a final rejection of the other as long as the first continued the supply according to law."

In these cases it was recognized as a fundamental principle that municipalities had no power to construct and operate a system for water supply or to contract with a private corporation for a water supply without legislative authority, and that whatever power municipalities had in this respect was conferred upon them by legislative enactment. The Act of April 3, 1851, P. L. 320, among other things, authorized boroughs " to provide a supply of water for the use of the inhabitants." Here then was the legislative authority under which boroughs could provide a water supply. The act does not say in express terms how the supply of water is to be provided. This court construed that provision of the act to mean that a borough could exercise its power in this respect in one of two ways, either by constructing its own plant and maintaining it by taxation, or by making a contract with a private company or corporation for a water supply, and that when a borough had exercised its authority in either way it was precluded from adopting the other method at the same time.

The provisions of law in reference to the construction and maintenance of sewers are materially different. The act of 1851 provides that boroughs incorporated thereunder shall have the power " to survey, lay out, enact and ordain such roads, streets, lanes, alleys, courts and common sewers as they may deem necessary." It will be observed the act does not confer the right upon boroughs to provide a sewage system by contract. In express terms it is provided that the proper officers shall have the power to survey, lay out and ordain common sewers, and this language can only mean that such sewers must be ordained, laid out or constructed by the borough authorities. Nor does the act of 1891, supra, enlarge the powers of boroughs in reference to the construction of sewers except in the matter of conferring the right to take, use, occupy or injure private lands, property or material necessary in the construction of the same. There is no proper rule of construction by

which these words can be extended to mean that in a matter of this character the defendant borough had a right to contract with the plaintiff company to provide a sewer system for the citizens thereof, much less that said borough could grant, or the plaintiff company acquire, an exclusive right to construct and maintain such a system.

The fatal weakness of the plaintiff's case, however, arises from the fact that no contract was entered into between the appellee and the appellant in reference to the sewage system. The only right the appellant claims is under the ordinance passed by the borough on February 27, 1894, and a reference to that ordinance shows that plaintiff company was simply granted permission to construct and maintain a system of sewage in said borough. It would do violence to every rule of construction to hold that a permission granted by a municipality to a private corporation to use its streets for certain purposes constitutes a contract so as to make the borough liable in damages in case a loss should result to the private corporation by reason of the installation of a rival system. No contractual relation exists between the parties to this controversy. The plaintiff company does not enjoy or possess, either by the act of its incorporation, or by legislative enactment, or by contractual relation, any exclusive right to maintain a system of sewage in the borough of Olyphant. The act of 1893, under which plaintiff company was incorporated, did not confer any special rights, privileges or powers upon it, except the right to enter upon and occupy public highways with the consent of local authorities. The naked grant of permission to use streets to lay pipes confers no exclusive right. It cannot be doubted under our well established rules of law that whatever right the plaintiff had under the ordinance of 1894 was subject to the future use of the highways by said borough whenever it chose to construct a sewage system of its own.

A reversal of this case would write into our decisions a rule of law squarely at variance with an unbroken line of legal precepts. Such a rule would have the effect of impairing the powers of municipalities and abridging the rights and privileges of the citizens thereof.

Assignments of error overruled and judgment affirmed.