# Hastings Water Company, Appellant, *v.* Hastings Borough.

*Equity—Equity practice—Failure to find facts.*

In an equity suit the judge should find and state in connected and paragraphic form his findings of fact and conclusions of law. Failure to do so is a plain disregard of Equity Rule 62.

*Corporations—Water companies—Boroughs—Exclusive right in streets.*

A water company incorporated since the passage of the Act of June 2, 1887, P. L. 310, is not possessed of any exclusive privilege in the use of the streets of a municipality in the absence of an agreement between the company and the municipality to that effect. The mere grant by the municipality to the company of the right to enter upon streets and lay pipes cannot be construed into an agreement to give the company an exclusive right to the streets, so as to prevent the municipality from subsequently installing a water system of its own.

Argued Oct. 9, 1906. Appeal, No. 49, Oct. T., 1906, by plaintiff, from decree of C. P. Cambria Co., Dec. T., 1904, No. 5, dismissing bill in equity in case of The Hastings Water Company v. The Borough of Hastings and A. C. Strittmatter, A. T. Strittmatter and Paul Strittmatter, trading as Strittmat-

ter Brothers, and Joseph O. Hahn and B. F. Hewitt, trading as Hahn & Hewitt. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an injunction.

O'CONNOR, J., filed the following opinion:

The Hastings Water Company, a corporation, chartered since the act of 1887, at present and during the past has been furnishing water to certain residents and individuals in the borough of Hastings, Cambria county. No water was being furnished at the instance of, or under contract with, the municipality, the borough of Hastings, by the plaintiff water company, and some months since the defendant municipality proceeded to erect its own waterworks. A bill in equity was filed in this court to No. 5, December term, 1904, by which it was sought to restrain the defendant borough from the erection and operation of the municipal water plant or works, alleging the plaintiff's rights of its incorporation and by virtue of arrangement or agreement with the borough of Hastings relative to the streets of the said borough for the laying of pipes conveying water to the various residents thereon and alleging further that said rights, thus acquired, gave to the plaintiff an exclusive privilege to furnish water to the inhabitants, etc., of the borough of Hastings and to the streets of the said borough for that purpose.

To this bill the defendants filed an answer, denying the allegation of the plaintiffs that they had exclusive right to furnish water to the inhabitants of the borough of Hastings, and May 23, 1905, was fixed for hearing. Upon that date the cause came on to be heard, Evans, Leech & Evans, Stevens & Pascoe, Esqrs., appearing for the plaintiff, and Roland, Kittell & Greevy, Esqrs., appearing for the defendants.

As matter of law we are firmly of the opinion that, under its charter, The Hastings Water Company has no exclusive privilege to furnish water to the inhabitants, etc., of the borough of Hastings, and that, as a matter of fact, there is nothing whatever in the testimony which would warrant a finding that it had obtained such rights by reason of any contract, express or implied, with the defendant municipality. Having entirely failed to convince this court that, as matter of law or

as matter of fact it was entitled to the exclusive privilege of furnishing water for the purposes expressed in its charter, within the territory covered by that charter, to wit: the borough of Hastings, we are obliged to refuse the prayer contained in said bill.

And now, June 23, 1905, the injunction prayed for in the complainant's bill, filed to the above number and term of this court, is refused, and the bill is dismissed at the costs of the plaintiff.

To all the foregoing findings of law and of fact and the decision of the court, counsel for plaintiff except and pray that said exception be noted, allowed, bill sealed, all of which is accordingly done June 23, 1905.

The court subsequently entered the following decree.

Now, October 25, 1905, exceptions overruled, and motion of plaintiff to change the decree and to enter decree in favor of the plaintiff is overruled.

*Errors assigned* were the decree of the court.

*A. A. Stevens*, with him *W. L. Pascoe*, for appellant.—The power of the borough of Hastings to supply water to itself and its inhabitants was exhausted and it had no authority to erect or construct a municipal water plant: White v. Meadville, 177 Pa. 643; Metzger v. Beaver Falls, 178 Pa. 1; Wilson v. Rochester Borough, 180 Pa. 509; Tyrone Gas & Water Co. v. Tyrone Borough, 195 Pa. 566; Nelson v. Warren Borough, 200 Pa. 504; Bennett Water Co. v. Millvale Borough, 200 Pa. 613; DuBois Borough v. DuBois City Water Works Co., 176 Pa. 430.

*Harvey Roland*, with him *M. D. Kittell*, for appellees.—Where a company has no exclusive privileges, and where there is no contractual relation between the company and the municipality, for a supply of water to the municipality, the latter has still the right to build its own waterworks; and the bare permission by the municipality to the company to lay water pipes has never been held to prevent the erection of municipal waterworks: Centre Hall Water Co. v. Borough of Centre Hall, et al., 186

Pa. 74; Boyertown Water Co. v. Boyertown Borough, 200 Pa. 394; Philipsburg Water Co. v. Philipsburg Borough, 203 Pa. 562.

The plaintiff company, having been incorporated December 3, 1891, after the passage of the Act of June 2, 1887, P. L. 310, taking away the exclusive privileges of water companies, has never had the exclusive right or privilege to supply water in the borough of Hastings : Luzerne Water Company v. Toby Creek Water Company, 148 Pa. 568; Boyertown Water Company v. Boyertown Borough, 200 Pa. 394.

OPINION BY MR. JUSTICE POTTER, January 7, 1907 :

The Hastings Water Company filed this bill in equity against the borough of Hastings, for the purpose of enjoining the borough from negotiating its bonds, and to prevent the erection and operation by the borough of its own system of waterworks. After hearing the evidence upon the part of the plaintiff only, the court below refused an injunction and dismissed the bill. The judge did not, however, formulate or file any findings of fact and law, as he should have done under the requirements of Equity Rule 62. In the opinion which he filed, the facts and the law are not found separately, but are confused and are not so stated as to afford any proper aid to this court in the consideration of the case.

It seems necessary to again call attention to the correct method of procedure in such cases, as it was pointed out in Pittsburg Stove & Range Co. v. Pennsylvania Stove Co., 208 Pa. 37, where it is said : " The practice of the learned trial judge in stating his findings of fact and conclusions of law is not in accordance with good equity practice. While the judge is required to answer specifically requests for findings of both fact and law, he should also find and state in connected and paragraphic form his findings of fact and conclusions of law. As said by the court in Schmidt v. Baizley, 184 Pa. 527, it is the usual practice in cases of this character for the court to express its findings in separate and numbered clauses so as to present each one independently and distinctly." As we also said, in Jones v. Weir, 213 Pa. 135, when the court below makes no findings of fact, there is nothing of record to sustain its decree. " This is a plain disregard of the equity rules," and, if we are to consider

the merits of the case, obliges us to " make the findings of fact for ourselves, and thus assume the duties of the court of first instance." In the present case it does not appear that any requests for findings, either of fact or law, were presented to the court, but Equity Rules 63, 66 provide that, upon the filing of the judge's findings, the ,prothonotary shall enter a decree nisi in accordance therewith, and give notice to the parties or their counsel. Exceptions may be filed within ten days, and if no exceptions are filed within that time, a final decree is to be entered by the prothonotary as of course. Where exceptions are filed, the court, upon sustaining or dismissing them, shall confirm, modify or change the decree accordingly.

The decree which was first entered in this case was not a decree nisi, but was in the form of a final decree. Nor does it appear that this decree was ever formally confirmed; for the last order on the record, under date of October 25, 1905, merely overrules plaintiff's exceptions, and a motion to change the decree, which had been entered.

From an examination of the evidence, we find the following facts : The borough of Hastings was incorporated December 4, 1889, under the General Borough Law of April 3, 1851, P. L. 320. The Hastings Water Company, the plaintiff in this case, was incorporated December 3, 1891, under the General Corporation Act of April 29, 1874, P. L. 73 and its supplements, and the letters patent were recorded in Cambria county, February 5, 1892. But the application for the charter was not recorded until June 17, 1904.

Prior to the incorporation of the water company, the borough, on August 6, 1891, granted to an unincorporated association known as The Hastings Water Supply Company, which was afterwards merged in the present plaintiff corporation, " the privilege of laying water pipes within the borough limits " ; but this grant was coupled with notice, that the borough claimed " the right to lay their water pipes, or any kind of pipes, at any time, parallel, in, under, over, or to cross the said water supply company's lines."

The water company constructed a reservoir and laid supply pipes in the borough in a small way at first, spending about $8,000. In the year 1894 a sale of the water company's plant to the borough was agreed upon and confirmed by ordinance,

but subsequently, at the request of the company, it was released by the borough council from the agreement.

Then upon September 28, 1894, the borough adopted an ordinance by which the water company was given the right "to enter at any time upon any of the streets, lanes or alleys of the borough of Hastings for the purpose of excavating, digging trenches and laying pipes and mains and to do all such other acts as may be necessary for the proper conveying of water for the use of the public in the borough of Hastings." After the passage of this ordinance, the water company expended an additional sum of $8,000 in improving and extending its plant. In 1897 another attempt was made by the borough to purchase the plant of the water company, but it was not successful.

In the early part of the year 1904, the borough authorized a loan for the purpose of erecting its own waterworks, to furnish "an adequate supply of water for fire protection and other public purposes and for the use of the inhabitants," and entered into contracts for the erection of the works.

The Hastings Water Company, having been incorporated since the passage of the Act of June 2, 1887, P. L. 310, is not possessed of any exclusive privilege : Luzerne Water Co. v. Toby Creek Water Co., 148 Pa. 568 ; Boyertown Water Co. v. Boyertown Boro., 200 Pa. 394. Unless, therefore, some agreement is shown by which the hands of the borough are tied, its right to build its own waterworks cannot be questioned. No express contract has been shown, nor are we able to see anything in the evidence from which a contract can be implied. It is certainly not to be found in the resolution of August 6, 1891, authorizing the water company, then unincorporated, to lay water pipes within the borough limits, for this permission was accompanied by the direct assertion of the right of the borough to lay its own water pipes at any time, parallel with, under or over the lines of the water company. Neither does the ordinance of a later date, known as Ordinance No. 18, establish any contract whatever. It merely grants permission to enter upon the streets and lay pipes, and perform such acts as may be necessary for the proper conveyance of water for the use of the public. Why should the fact that the borough granted to the water company the favor of using the streets, be held in itself, to imply any obligation to grant to the water company an ex-

clusive right to furnish water to the people of the borough? This would be to make the bestowal of one privilege, ground for demanding another.

In considering a claim of exclusive right, under a similar ordinance, which was set up by a sewage company, in Olyphant Sewage-Drainage Co. v. Olyphant Boro., 211 Pa. 526, our Brother Elkin said: " It would do violence to every rule of construction to hold that a permission granted by a municipality to a private corporation to use its streets for certain purposes constitutes a contract so as to make the borough liable in damages in case a loss should result to the private corporation by reason of the installation of a rival system. . . . The naked grant of permission to use streets to lay pipes confers no exclusive right."

It is admitted by counsel for appellant that there is no express contract between the borough and the water company, and our examination of the evidence has not disclosed anything which warrants the finding of an implied contract for service, which prevents the borough from erecting and maintaining its own system of waterworks. The bill was therefore properly dismissed.

The assignments of error are overruled, and the decree of the court below is affirmed at the cost of appellant.