## Frackville Sewerage Co. v. James et al.

*H. O. Bechtel* and *Walter Sidoriak*, for appellant.

*O. A. Wisansky*, contra.

HOUCK, J., April 20, 1936.—On August 18, 1931, the Sanitary Water Board of the Commonwealth of Pennsylvania issued a permit to the Borough of Frackville approving proposed sewers to serve the borough and granting permission to discharge sewage into certain

waters of the State, excluding Little Mahanoy Creek, for a limited period of time. Subsequently, on September 8, 1931, the borough and George A. Haupt, Jr., executed a contract whereby the borough agreed, inter alia, to grant to Haupt, by appropriate ordinance, "the right to construct a sewer system under certain streets, alleys and highways of the said borough, and a pumping station." It was stipulated in the agreement that the privileges granted were not exclusive, and the borough reserved the right to install a sewer system at its option. On September 7, 1932, the borough enacted an ordinance ordaining that permission be given to George A. Haupt, Jr., "to construct and install a sewer or drainage system in the said Borough of Frackville in and under those certain streets and highways as shown on a plan entitled Borough of Frackville, Penna., Sewer System 1926", and approved by the State secretary of health. The ordinance further provided that the system be constructed in compliance with the permit issued by the Sanitary Water Board to the borough; that all privies be abandoned; that certain materials be not permitted to enter the sewers; that all trenches be protected and properly refilled; that the borough be saved harmless from loss or damage occasioned by negligence or otherwise in the construction or maintenance of said system of sewers; and that the ordinance be applicable to and binding upon Haupt, his heirs and assigns.

The sewer system was constructed by Haupt, and the Frackville Sewerage Company, a Delaware corporation, proposed to take over the plant, agreeing to pay Haupt $60,000 in bonds and $85,000 in common stock. The corporation applied to the Public Service Commission for a certificate of public convenience, and on March 27, 1933, such certificate was issued evidencing the commission's approval of the right of the Frackville Sewerage Company to do business within this State and to begin the exercise of the privilege of operating a sanitary sewer system in and adjacent to the Borough of Frackville and

portions of West Mahanoy Township, Schuylkill County. The corporation succeeded to Haupt's rights under the contract and ordinance referred to above by virtue of an assignment from Haupt to it.

On September 30, 1935, the borough enacted an ordinance repealing the ordinance of September 7, 1932, and revoking all the rights and privileges conferred by that ordinance on George A. Haupt, Jr., and the Frackville Sewerage Company. The reasons for the repeal, as stated in the ordinance, were that Haupt and his assignee had failed to keep the agreement on which the original ordinance was based, "in that the Borough of Frackville is being harassed by creditors of the Frackville Sewerage Company for power and repair bills and threatened with suits by the Commonwealth of Pennsylvania and the Ashland Borough for the failure of the Frackville Sewerage Company to operate the pumping system and allowing the sewerage to be discharged into the Little Mahanoy Creek."

On October 28, 1935, the Frackville Sewerage Company appealed from said repealing ordinance, alleging that it operates to confiscate the company's plant and praying that it be declared inoperative and void. A hearing was had and testimony taken. Subsequently the matter came on for argument and is now ripe for determination.

There is but one question involved, and that is whether the Borough of Frackville may repeal the ordinance of September 7, 1932. Plaintiff's contention is that that ordinance, accepted and acted upon by the sewerage company, became an irrevocable contract and a property right protected by article I, sec. 17, of the Constitution. Defendants contend (1) that the ordinance of September 7, 1932, was ultra vires, and (2) that the sewerage company breached the contract and the ordinance, wherefore the ordinance might be repealed, for either reason.

Defendant's first contention is based on the proposition that the adoption and maintenance of a sewer system is an exercise of police power; that such power may not be delegated to another; and that there is no statutory authority which permits a borough to contract with an-

other for the maintenance of a sewer system. While a borough may, pursuant to the provisions of section 2105 of The General Borough Act of May 4, 1927, P. L. 519, adopt and construct such a system of sewers as may be necessary for the disposal of sewage matter, it is also empowered by section 1202 to regulate the roads, streets, lanes, alleys and common sewers within the municipality, and, by section 2101, it may, with the consent of the Sanitary Water Board, lay out and ordain such common sewers and drains as may be necessary in any street or alley. These sections are codifications of prior enactments, and, conceding that a borough does not possess the power to provide a sewage system by contract: Olyphant Sewage-Drainage Co. v. Olyphant Borough, 211 Pa. 526, 532; it does not follow that a borough may not grant permission to another to construct and maintain a sewer system in the borough. It is unquestioned that a borough has such power.

"The weight of authority is, however, to the effect that under a power to regulate the use of streets a municipal corporation can permit the use of the surface of the streets for the erection of telegraph and telephone poles, and the laying of tracks for street railways; . . . and may also permit the laying of water and gas pipes and sewers beneath the surface": 19 R. C. L. 1149, sec. 424.

"It [the municipal corporation] may undoubtedly, either by itself, or by its delegated authority to others, dig up the soil to lay water pipes, gas pipes, sewers, drains, electric wires, telegraph and telephone wires, cables and doubtless subterranean railways, every one of which uses is in direct and exclusive hostility to the abutting owners' right in the fee. And the grant of these privileges may be made, and is constantly made, to other corporations or associations without the least regard to the will or consent or property right of the adjoining owner": Wood v. McGrath, 150 Pa. 451, 455; Locust Street Subway Const., etc., 117 Pa. Superior Ct. 86, 99.

The ordinance of September 7, 1932, merely grants permission to Haupt and his assigns to construct and install a sewer system under certain streets in the borough. This the borough had power to do. It is not a delegation of police power and is not ultra vires.

The borough, having requisite power to grant the franchise, or whatever it may be termed, may not destroy it:

"When a municipal corporation . . . lawfully grants permission to a public service corporation to lay its rails, pipes, wires or other structures in a public highway, and does not expressly reserve any power of rescinding its grant, the permission so granted is not a mere license revocable at the will of the municipal authorities, but, whether it be called a franchise, an easement, an incorporeal hereditament or by any other name, it is a property right protected by the constitution from arbitrary revocation, impairment or destruction by the municipal authorities": 19 R. C. L. 1154, sec. 428.

A municipal franchise ordinance accepted and acted upon becomes an irrevocable contract: Valley Rwys. v. Harrisburg et al., 280 Pa. 385, 392; see also Hestonville, etc., R. R. Co. v. Philadelphia, 89 Pa. 210, 218; Pennsylvania Water Co. v. Pittsburg, 226 Pa. 624; City of Erie v. Griswold, 5 Pa. Superior Ct. 132, affirmed 184 Pa. 435. The effect of the repealing ordinance here appealed from is to confiscate plaintiff's property. It would be a strange doctrine which would authorize the borough, after the sewerage company relied on its ordinance and expended over $100,000 in the construction of the sewer system, to confiscate and to destroy the property without any compensation whatever.

There is no merit in defendants' contention that the repealing ordinance is valid because the sewerage company has broken its contract. Even were we to concede that the franchise ordinance could be repealed because of breach of contract, there is no proof here of any breach which could possibly warrant such drastic action. If there

has been a breach of the contract in the particulars stated in the repealing ordinance, the borough has a remedy. True it is that the borough has experienced difficulty because the sewerage company has failed, contrary to the permit issued by the Sanitary Water Board, to keep the sewage out of the Little Mahanoy Creek. The reason for the failure, however, has not yet been determined. The sewerage company alleges that the reason is the borough's refusal to permit it to disconnect delinquent customers, thus thwarting it in its effort to obtain the necessary revenue properly to maintain the system. On this branch of the case a mandamus proceeding against the borough is now pending. The borough may not with one hand prevent the sewerage company from enforcing payment from its patrons, thus making it impossible for the company to maintain its plant, and with the other confiscate the property because the plant has not been properly maintained.

Our conclusion is that the repealing ordinance of September 30, 1935, is confiscatory of plaintiff's property, that it destroys property rights protected by the Constitution, and that it is null and void.

And now, April 20, 1936, the ordinance adopted by the Town Council of the Borough of Frackville on September 30, 1935, entitled "An Ordinance Repealing an Ordinance Authorizing the Construction and Installation of a Drain or Sewer System on Certain Streets of the Borough of Frackville", is adjudged null and void, and the Borough of Frackville is directed to pay the costs of this proceeding.

From G. Harold Watkins, Frackville.